IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTEN RHINEHART, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.: 15 cv 00101 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | Magistrate Judge Mary M. Rowland |
| | ) | |
| THE VILLAGE OF SAUK VILLAGE and OFFICER GARY LUKE | ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT GARY LUKE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Gary Luke ("Defendant" or "Luke"), by and through his attorneys, Johnson & Bell, Ltd., hereby submits his answer and affirmative defenses to the Plaintiff's Complaint as follows:

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

**ANSWER:** **Defendant admits only that Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Defendant denies the remaining averments of this paragraph.**

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

**ANSWER:** **Defendant admits only that this Court has jurisdiction to hear Plaintiff's claims as set forth in his Complaint.**

3. The Plaintiff's full name is Cristen Rhinehart.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

4. Defendant Gary Luke is an officer or official employed by [the] Village of Sauk Village Police Department.

**ANSWER:** **Defendant admits only that at the time of the conduct alleged in this Complaint, Defendant was acting in the course and scope of his employment for the Village of Sauk Village and under the color of law. Defendant denies the remaining averments of this paragraph.**

5. The municipality, township or county under whose authority defendant officer or official acted is [the] Village of Sauk Village. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made in paragraph 7 below.

**ANSWER:** **Defendant admits only that at the time of the conduct alleged in Plaintiff's Complaint, Defendant was acting in the course and scope of his employment for the Village of Sauk Village and under the color of law. Defendant denies the remaining averments of this paragraph.**

6. On or about Jan. 1, 2015, at approximately 12:12 a.m. plaintiff was present in the municipality (or unincorporated area) of [the] Village of Sauk Village, in the County of Cook, State of Illinois, at 21920 Olivia Avenue, when defendant violated plaintiff's civil rights as follows:

   a. arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

   b. searched plaintiff or his property without a warrant and without reasonable cause;

   c. used excessive force upon plaintiff;

   d. failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

   e. conspired together to violate one of more of plaintiff's civil rights.

2

**ANSWER:** **Defendant denies the averments of this paragraph, subparagraphs (a) through (e) inclusive, and each of them.**

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: [form left blank.]

**ANSWER:** **Defendant admits only that at the time of the conduct alleged in Plaintiff's Complaint, Defendant was acting in the course and scope of his employment for the Village of Sauk Village and under the color of law. Defendant denies the remaining averments of this paragraph.**

8. Plaintiff was charged with one or more crimes, specifically: reckless discharge of a firearm and child endangerment.

**ANSWER:** **Defendant admits only that Plaintiff, Cristen Rhinehart and his spouse, Amanda Rhinehart were both charged with one count each of felony Reckless Discharge of a Firearm under 720 ILCS 5/24-1.5 and one count each of Endangering the Life or Health of a Child under 720 ILCS 5/21-21.6. Defendant denies the remaining averments of this paragraph.**

9. The criminal proceedings are still pending.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

10. Plaintiff further alleges as follows: On or about Jan. 1, 2015 at approximately 12:12 a.m., Defendant Gary Luke, beated [sic] repeatedly at the front door of 21920 Olivia Avenue. Plaintiff, Cristen Rhinehart's reply from behind the close [sic] door was, "Who is it?". No one replied. Plaintiff, Cristen Rhinehart, then turned on the lighting of the front porch and opened the front door slightly. Defendant, Gary Luke then asked, Plaintiff Cristen Rhinehart "to step out of his home." Plaintiff, Cristen Rhinehart's reply to Defendant, Gary Luke's request was "why?". Defendant Gary Luke replied, "To have a talk." Plaintiff, Cristen Rhinehart

responded, "We can have a talk like this." Defendant Gary Luke then replied, "If you don't step out, I'll go get a warrant and come in." Plaintiff, Cristen Rhinehart, said "you go get the warrant and I'll be right here." Defendant, Gary Luke said something over his two way radio and no one responded. Then Defendant Gary Luke entered the home of Cristen Rhinehart.

    **ANSWER:** **Defendant denies the averments of this paragraph.**

11. Defendant acted knowingly, intentionally, willfully and maliciously.

    **ANSWER:** **Defendant denies the averments of this paragraph.**

12. As a result of defendant's conduct, plaintiff was injured as follows: mentally, emotionally and physically.

    **ANSWER:** **Defendant denies the averments of this paragraph.**

13. Plaintiff asks that the case be tried by a jury: No.

    **ANSWER:** **Defendant makes no answer to this paragraph because no allegations are directed towards him.**

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

    **ANSWER:** **The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent that the averments of this paragraph are directed towards this defendant, they are denied.**

15. Plaintiff has previously filed a case in this district. Yes.

    Case #2012CV7290

    Rhinehart v. Kalafut, et al.

    **ANSWER:** **The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent that the averments of this paragraph are directed towards this defendant, Defendant is without**

4

**knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

### ANSWER TO COMPLAINT[1]

This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. 1983, 1985, and 1986.

**ANSWER: Defendant admits only that Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Defendant denies the remaining averments of this paragraph.**

On or about January 1, 2015 at approximately 12:12 a.m., Village of Sauk Village Police Officers, Gary Luke, Chad Fredericksen, Michael Brown and Frank White arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime; searched plaintiff or his property without a warrant and without reasonable cause; used excessive force upon plaintiff; failed to intervene to protect plaintiff from violating plaintiff's civil rights by one or more other defendants and conspired together to violate one or more of plaintiff's civil rights.

**ANSWER: Defendant denies the averments of this paragraph.**

Therefore Plaintiff Cristen Rhinehart is seeking $100,000.00 for emotional distress, mental distress and financial distress.

**ANSWER: The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent the averments of this paragraph are directed towards this defendant, they are denied.**

---

[1] Plaintiff's Complaint appears to contain a second handwritten and un-numbered "Complaint," in which various allegations are restated and/or new allegations made. (*See* Complaint, Dkt. #1, at p. 6) Defendant objects to then extent this second handwritten complaint is improper in than it fails to contain numbered paragraphs. Notwithstanding, without waiving said objection, Defendant answers Plaintiff's second handwritten complaint within this pleading.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Legal Justification)**

When a police officer has probable cause to believe that a person is committing a crime and during that person's detention and/or arrest physically touches a person and/or uses force necessary to effectuate the arrest, a police officer is justified in using that force even if that person did not authorize or consent to the touching or detention by a police officer. *Roy v. Coyne,* 259 Ill. App. 3d. 269, 281, 630 N.E.2d 1024 (Ill. App. Ct. 1st Dist. 1994). Additionally, under the Fourth Amendment, an officer's right to make an arrest, investigatory stop, or other seizure of a person includes the right to use some degree of physical force/touching, but the detention and the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009).

**SECOND AFFIRMATIVE DEFENSE**
**(Illinois Tort Immunity Act)**

(a) Defendant was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and as such a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

(b) Defendant was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and as such is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

(c) Defendant, as a public employee, was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and did not institute or prosecute the judicial proceeding in this case maliciously and without probable cause. As a result, he is not liable for any injury caused by instituting or prosecuting the judicial

6

proceeding in this case. 745 ILCS 10/2-208.

## THIRD AFFIRMATIVE DEFENSE:
### (Mitigation of Damages)

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to the Plaintiff by a jury in this case.

## FOURTH AFFIRMATIVE DEFENSE:
### (Qualified Immunity)

Defendant is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant could have believed his actions to be lawful, in light of clearly established law and information that the Defendant possessed. Therefore, the Defendant is entitled to qualified immunity as to the Plaintiff's claims.

Defendant reserves the right to supplement these affirmative defenses as more information becomes available through the litigation in this matter.

Defendant requests judgment in his respective favor and against Plaintiff on all counts and claims in Plaintiff's Complaint directed to this Defendant, and for dismissal of this cause with prejudice and costs, and any other relief that this Honorable Court deems equitable and just.

## **JURY DEMAND**

Defendant demands a trial by jury.

        Respectfully submitted,


        <u>/s/*Gabriel R. Judd*        </u>
        One of the attorneys for Defendant
        Gary Luke

Rick Hammond
Brian P. Gainer
Gabriel R. Judd
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

### CERTIFICATE OF SERVICE

      I hereby certify that on April 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/*Gabriel R. Judd*
One of the attorneys for Defendant
Michael Brown

Rick Hammond
Brian P. Gainer
Gabriel R. Judd
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770