IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION

| | |
|---|---|
| CRISTEN RHINEHART,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>  v.  )<br>  )<br>VILLAGE OF SAUK VILLAGE and  )<br>GARY LUKE,  )<br>  )<br>    Defendants.  ) | Case No. 15 CV 101 |

## DEFENDANT VILLAGE OF SAUK VILLAGE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, the Village of Sauk Village ("Defendant" or "Village), by and through their attorneys, Odelson & Sterk, Ltd., hereby submits its answer and affirmative defenses to the Plaintiff's Complaint as follows:

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

**ANSWER:** **Defendant admits only that Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.**

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

**ANSWER:** **Defendant admits only that this Court has jurisdiction to hear Plaintiff's claims as set forth in his Complaint.**

3.  Plaintiff's full name is Cristen Rhinehart.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

1

4. Defendant, Gary Luke, is an officer or official employed by Village of Sauk Village Police Department.

**ANSWER: Defendant admits only that at the time of the conduct alleged in this Complaint, Defendant Gary Luke was employed by the Village of Sauk Village. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

5. The municipality, township or county under whose authority defendant officer or official acted is Village of Sauk Village. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

**ANSWER: Defendant admits only that at the time of the conduct alleged in this Complaint, Defendant Gary Luke was employed by the Village of Sauk Village. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

6. On or about January 1, 2015, at approximately 12:12 a.m. plaintiff was present in the municipality (or unincorporated area) of Village of Sauk Village, in the County of Cook, State of Illinois, at 21920 Olivia Avenue, when defendant violated plaintiff's civil rights as follows:

    a. arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

    b. searched plaintiff or his property without a warrant and without reasonable cause;

    c. used excessive force upon plaintiff;

    d. failed to intervene to protect plaintiff from violation of plaintiff's civil rights by

one or more other defendants;

e. conspired together to violate one or more of plaintiff's civil rights.

**ANSWER: Defendant denies the averments of this paragraph, subparagraphs (a) through (e) inclusive, and each of them.**

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: [form left blank.]

**ANSWER: Defendant admits only that at the time of the conduct alleged in this Complaint, Defendant Gary Luke was employed by the Village of Sauk Village. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

8. Plaintiff was charged with one or more crimes, specifically: reckless discharge of a firearm and child endangerment.

**ANSWER: Defendant admits only that Plaintiff, Cristen Rhinehart and his spouse, Amanda Rhinehart were both charged with one count each of felony Reckless Discharge of a Firearm under 720 ILCS 5/24-1.5 and one count each of Endangering the Life or Health of a Child under 720 ILCS 5/21-21.6. Defendant denies the remaining averments of this paragraph.**

9. The criminal proceedings are still pending.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

10. Plaintiff further alleges as follows: On or about January 1, 2015 at approximately 12:12 a.m., Defendant Gary Luke, beated repeatedly at the front door of 21920 Olivia Avenue. Plaintiff, Cristen Rhinehart's reply from behind the close door was, "Who is it?". No one

replied. Plaintiff, Cristen Rhinehart, then turned on the lighting of the front porch and opened the front door slightly. Defendant, Gary Luke then asked, Plaintiff Cristen Rhinehart "to step out of his home." Plaintiff, Cristen Rhinehart's reply to Defendant, Gary Luke's request was, "Why?". Defendant, Gary Luke replied, "To have a talk." Plaintiff, Cristen Rhinehart responded, "We can have a talk like this." Defendant Gary Luke then replied, "If you don't step out, I'll go get a warrant and come in." Plaintiff, Crisent Rhinehart, said "You go get the warrant and I'll be right here." Defendant, Gary Luke said something over his two way radio and no one responded. Then Defendant Gary Luke entered the home of Cristen Rhinehart.

**ANSWER: These allegations are not directed at this Defendant and as such no answer is required. To the extent that the averments of this paragraph are directed towards this defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.**

11. Defendant acted knowingly, intentionally, willfully and maliciously.

**ANSWER: These allegations are not directed at this Defendant and as such no answer is required. To the extent that the averments of this paragraph are directed towards this defendant, they are denied.**

12. As a result of defendant's conduct, plaintiff was injured as follows: mentally, emotionally and physically.

**ANSWER: Defendant denies the averments of this paragraph.**

13. Plaintiff asks that the case be tried by a jury. No.

**ANSWER: Defendant makes no answer to this paragraph because no allegations are directed towards it.**

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**ANSWER: The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent that the averments of this paragraph are directed towards this defendant, they are denied.**

15. Plaintiff has previously filed a case in this district. Yes.

Case # 2012CV7290

Rhinehart v. Kalafut, et al.

**ANSWER: The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent that the averments of this paragraph are directed towards this defendant, they are denied.**

ANSWER TO COMPLAINT[1]

This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. 1983, 1985, and 1986.

**ANSWER: Defendant admits only that Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.**

On or about January 1, 2015 at approximately 12:12 am, Village of Sauk Village Police Officers, Gary Luke, Chad Fredericksen, Michael Brown and Frank White arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime; searched plaintiff or his property without a warrant and without

---

[1] Plaintiff's Complaint appears to contain a second handwritten and un-numbered "Complaint," in which various allegations are restated and/or new allegations made. (*See* Complaint, Dkt. #1, at p. 6). Defendant objects to the extent this second handwritten complaint is improper in than it fails to contain numbered paragraphs. Notwithstanding, without waiving said objection, Defendant answers Plaintiff's second handwritten complaint within this pleading.

reasonable cause; used excessive force upon plaintiff; failed to intervene to protect plaintiff rom violating plaintiff's civil rights by one or more other defendants and conspired together to violate one or more of plaintiff's civil rights.

**ANSWER:** **Defendant denies the averments of this paragraph.**

Therefore Plaintiff Cristen Rhinehart is seeking $100,000.00 for emotional distress, mental distress and financial distress.

**ANSWER: The averments of this paragraph are not directed towards this defendant, and therefore Defendant makes no answer thereto. To the extent that the averments of this paragraph are directed towards this defendant, they are denied.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Legal Justification)

When a police officer has probable cause to believe that a person is committing a crime and during that person's detention and/or arrest physically touches a person and/or uses force necessary to effectuate the arrest, a police officer is justified in using that force even if that person did not authorize or consent to the touching or detention by a police officer. *Roy v. Coyne,* 259 Ill. App. 3d. 269, 281, 630 N.E.2d 1024 (Ill. App. Ct. 1st Dist. 1994). Additionally, under the Fourth Amendment, an officer's right to make an arrest, investigatory stop, or other seizure of a person includes the right to use some degree of physical force/touching, but the detention and the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009). To the extent that Defendant Gary Luke's actions were justified under these principles, this Defendant is not liable for any injury caused to Plaintiff by those actions.

## SECOND AFFIRMATIVE DEFENSE
### (Illinois Tort Immunity Act)

(a) Defendant may not be held liable under Illinois law for the act or omission of its employee unless the employee is liable. 745 ILCS 10/2-109.

(b) To the extent that the actions of Defendant Gary Luke fall under the Illinois Tort Immunity Act, or any other affirmative defense or justification, this Defendant is not liable for any injury caused to Plaintiff by those actions.

## THIRD AFFIRMATIVE DEFENSE:
### (Mitigation of Damages)

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to the Plaintiff by a jury in this case.

## FOURTH AFFIRMATIVE DEFENSE:
### (Qualified Immunity)

To the extent that the actions of Defendant Gary Luke are covered by the doctrine of qualified immunity, this Defendant is not liable for any injury caused to Plaintiff by those actions.

Defendant reserves the right to supplement these affirmative defenses as more information becomes available through the litigation in this matter.

Defendant requests judgment in his respective favor and against Plaintiff on all counts and claims in Plaintiff's Complaint directed to this Defendant, and for dismissal of this cause with prejudice and costs, and any other relief that this Honorable Court deems equitable and just.

7

## JURY DEMAND

Defendant demands a trial by jury.

                                              Respectfully submitted,

                                              VILLAGE OF SAUK VILLAGE, Defendant

                                  By:    s/ Richard F. Bruen, Jr.
                                             One of its Attorneys

Michael J. McGrath
Matthew J. Byrne
Richard F. Bruen, Jr.
Odelson & Sterk, Ltd.
3318 W. 95th St.
Evergreen Park, IL  60805
(708) 424-5678